UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CHRISTOPHER KAMINSKI,

                 Plaintiff,

   against

Dkt No. 23-CV-2886

FIRST AMENDED
COMPLAINT

CITY OF NEW YORK, and JOHN/JANE DOE 1-10
(the names being fictitious as their identities are
unknown),

                Defendants.
------------------------------------------------------------------- x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demands a trial by jury in this action.

## PARTIES

6. Plaintiff Christopher Kaminski ("Mr. Kaminski" or "Plaintiff") is a male resident of Queens County in the City and State of New York.

7. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline

      of police officers and supervisory police officers, including the individually named Defendants herein.

8. At all times relevant defendants John Doe 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe 1 through 5.

9. At all times relevant herein, defendants John Doe 1 through 5 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 5 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

1. On March 17, 2022 at approximately 4:15 p.m., Defendant John Does 1 and 2 were in the vicinity of the building located at 2927 40th Road, Long Island City, New York.

2. Defendant John Does 1 and 2 aggressively began to corner a civilian who had been recording them.

3. This individual told the officers that his left shoulder had previously been broken and he would put his hands behind his back if they let him.

4. John Does 1 and 2 each grabbed the individual's wrists and one of them knocked the cell phone out of his hand.

5. Defendant John Doe 1 then grabbed the individual and slammed him on the ground, face down.

6. Defendant John Does 1 and 2 aggressively twisted the individual's arms behind his back.

7. Defendant John Does 1 and 2 were placing their knees on the individual's back and grabbing his arms

8. The individual asked Mr. Kaminski to pick up his phone and keep recording, but one of the Defendant John Does stomped on the phone, destroying it.

9. Mr. Kaminski then took out his own cell phone and began recording the police assaulting the individual.

10. Defendant John Doe 3 told Mr. Kaminski to stop filming and to back up.

11. Mr. Kaminski began backing up, but Defendant John Doe 3 began pushing Mr. Kaminski anyway.

12. Defendant John Doe 3 pushed Mr. Kaminski approximately 3 times even though Mr. Kaminski kept backing up and no force was necessary to gain his compliance.

13. At that time, Mr. Kaminski was forcibly pushed backwards by John Doe 3-5 without warning or cause.

14. Mr. Kaminski was violently thrown to the ground, and assaulted with knees placed in his back by John Does 3-5.

15. Mr. Kaminski was screaming in pain that his leg hurt, but they dragged him to the police car.

16. Instead of transporting Mr. Kaminski to the hospital, they took him back to the precinct.

17. Only after getting to the precinct and begging for medical attention for approximately an hour was Mr. Kaminski eventually taken to the hospital.

18. Mr. Kaminski suffered a fractured right hip bone, bruised rib and black eye.

19. After the incident Mr. Kaminski required a cane to walk for almost a year, even though he never required one prior to this incident.

20. Mr. Kaminski still walks with a limp as a result of this incident as of today.

21. Mr. Kaminski suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

22. Within ninety days following the occurrence of the incidence complained of in this Complaint, Mr. Kaminski filed a written Notice of Claim with Defendant City of New York pursuant to General Municipal Law 50e.

23. Thirty days since the filing thereof have elapsed without adjustment or payment of plaintiff's claims.

## FIRST CLAIM
### Excessive Force
### (All Individual Defendants)

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

26. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

27. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Failure to Intervene
## (All Individual Defendants)

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

30. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## State Law Assault and Battery
## (All Defendants)

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. By their conduct, as described herein, the Individual Defendants are liable to Plaintiff for having assaulted and battered him.

34. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

35. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: April 18, 2023

New York, New York

BRUSTEIN LAW, PLLC

_____/s/_____
Evan Brustein
299 Broadway, 17th Floor
New York, NY 10007
(212) 233-3900

*Attorneys for Plaintiffs*